IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SPEECH FIRST, INC. *Plaintiff*, v. KAYSE SHRUM, in her individual capacity and official capacity as President of Oklahoma State University, *et al.*, *Defendants*. | Case No. CIV-23-29-J |

### MOTION TO DISMISS DEFENDANT KAYSE SHRUM, IN HER INDIVIDUAL CAPACITY, AND BRIEF IN SUPPORT

Pursuant to Rules 8(a), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, comes Defendant Kayse Shrum in her individual capacity, by and through her counsel, Whitten Burrage, to respectfully move for this Court to dismiss all claims asserted against her in her individual capacity.

The allegations against President Shrum, in her individual and official capacity, are contained in ¶ 13 of the Complaint: "Defendant Kayse Shrum is President of the University. Shrum is responsible for the enactment and enforcement of University policies, including the policies challenged here. Shrum is sued in her individual and official capacities." *Doc. 1*, ¶ 13. There is no other mention of President Shrum throughout the Complaint. Without more, Plaintiff fail to state a claim against President Shrum for which relief may be granted. FRCP 12(b)(6).

1

## I.     INTRODUCTION

Plaintiff initially filed suit against 15 officials of Oklahoma State University, including President Shrum. However, all officials were voluntarily dismissed by Plaintiff except President Shrum in her individual and official capacities.

The Complaint lacks any reference to President Shrum beyond ¶ 13. There is no mention of President's Shrum's involvement in the drafting, implementation or enforcement of the policies at issue. The vague and conclusory allegations in the Complaint against President Shrum have never been enough to surpass the federal pleading standard. Therefore, Plaintiff cannot state a claim for which relief may be granted, and this suit must be dismissed against President Shrum in her individual capacity.[1]

## II.     BRIEF IN SUPPORT OF THE MOTION TO DISMISS

The Complaint makes the following allegations against President Shrum:

1. President Shrum is the President of Oklahoma State University.
2. President Shrum is responsible for the enactment and enforcement of University policies, which includes the policies at issue in the Complaint.

Beyond that, Plaintiff institutes shotgun style pleading in support of § 1983 alleged violations against "Defendants."

### A. Standard on a Motion to Dismiss pursuant to 12(b)(1)

Unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a

---

[1] President Shrum also believes Plaintiff fails to state a claim against her in her official capacity as well.

court may "decide for itself the factual issues, which determine jurisdiction." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981), cert. denied, 454 U.S. 897, 102 S. Ct. 396, 70 L.Ed.2d 212 (1981).

If at any time a district court determines that it lacks subject-matter jurisdiction, then it must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3). The presumption in each case is that a matter lies outside a federal court's limited jurisdiction, and the burden of overcoming that presumption rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376 (1994). If jurisdiction is challenged, the party asserting jurisdiction must show it by a preponderance of the evidence, and conclusory allegations will not suffice. *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999); *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994); *Penteco Corp. Ltd. Partnership – 1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

B. **Standard on a Motion to Dismiss pursuant to 8 and 12(b)(6)**

Rule 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation[…] be simple, concise and direct." Fed.R.Civ.P. 8(a)(2), (d)(1). "This requirement is designed to force plaintiffs 'to state their claims intelligibly so as to inform the defendants of the legal claims being asserted.'" *Baker v. City of Loveland*, 686 Fed. Appx. 619, 620 (10th Cir. 2017) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)). "Thus, we have held that a complaint can run afoul of Rule 8 through unnecessary length and burying of material allegations in 'a morass of irrelevancies.'" *Id*. And courts have discretion to

dismiss suits which violate Rule 8 when the complaint imposes a heavy burden to determine what allegations or claims are being made. *Id*. at 621-22.

Moreover, "[t]his is not just a minimum standard for a plaintiff but also a protection for a defendant." *Reitmire v. United States*, CIV-18-1035-G, 2019 WL 419288, at *1 (W.D. Okla. Feb. 1, 2019). "Dismissal for violating Rule 8 is appropriate when a complaint is so unintelligible that it does not give fair notice to a defendant of the plaintiff's claims." *Id*.

The standard for 12(b)(6) dismissal is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008), (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making a 12(b)(6) determination, the Court should "look for plausibility in th[e] complaint." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 564). The *specific allegations* in the complaint must be reviewed "to determine whether they plausibly support a legal claim for relief." *Id*. at 1215 n.2; *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

Courts generally are gatekeepers against "complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007)). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [their] conclusory allegations." *Id*; *see also, Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, *as distinguished from conclusory allegations*, must be taken as true.") (quoting *Swanson v.*

4

*Bixler*, 750 F.2d 810, 813 (10th Cir. 1984)) (emphasis added); *Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1321 (10th Cir. 1977) ("allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of claims."); *Oppenheim v. Sterling*, 368 F.2d 516, 519 (10th Cir. 1966) ("unsupported conclusions of the pleader may be disregarded.").

"Thus, in ruling on a motion to dismiss, the Court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Plaintiff fails to meet either required standard in the Complaint.

**C.     Arguments & Analysis**

   **1.     The Court lacks Jurisdiction**
a. *President Shrum is entitled to Qualified Immunity in the § 1983 context*

There is a "presumption in favor of immunity for public officials acting in their individual capacities." *Hidahl v. Gilpin Cnty. Dep't of Soc. Servs*., 938 F.2d 1150, 1155 (10th Cir. 1991) And, "in *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986), the Supreme Court stated that '[a]s the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law.'" *Id*. This presumption has not been dispensed with by Plaintiff's vague and conclusory allegations against President Shrum.

"For liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established—establishing simply

that the defendant is in a position of authority will not suffice." *Arndt v. City of Med. Park*, CIV-18-206-D, 2019 WL 6499138, at *2 (W.D. Okla. Dec. 3, 2019) (citing *Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007)). Plaintiff asserts no facts to establish that President Shrum violated the rights of its alleged member students.

> In conducting qualified immunity analysis ..., courts do not merely ask whether, taking the plaintiff's allegations as true, the plaintiff's clearly established rights were violated. Rather, courts must consider as well whether each defendant's alleged conduct violated the plaintiff's clearly established rights. For instance, an allegation that Defendant A violated a plaintiff's clearly established rights does nothing to overcome Defendant B's assertion of qualified immunity, absent some allegation that Defendant B was responsible for Defendant A's conduct.

*Dodds v. Richardson*, 614 F.3d 1185, 1194 (10th Cir. 2010). Plaintiff must state facts to allege President Shrum's personal involvement and have failed to do so: "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir.1997)). Therefore, without specific allegations against President Shrum, the lawsuit does not surpass qualified immunity. The entire purpose of qualified immunity is "to ensure that before they are subjected to suit, officers are **on notice their conduct is unlawful**." *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002) (emphasis added and internal quotations omitted).

Without notice of the conduct which allegedly violates the rights of the three anonymous students, President Shrum's assertion of qualified immunity must be given the presumption in her favor, and this case must be dismissed against her in her individual capacity.

b. *Plaintiff lacks standing to sue President Shrum*

"The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 607, 107 L. Ed. 2d 603 (1990), holding modified by *City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774, 124 S. Ct. 2219, 159 L. Ed. 2d 84 (2004) (quoting *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984)).

> It is a long-settled principle that standing cannot be "inferred argumentatively from averments in the pleadings," *Grace v. American Central Ins. Co.*, 109 U.S. 278, 284, 3 S.Ct. 207, 210, 27 L.Ed. 932 (1883), but rather "must affirmatively appear in the record." *Mansfield C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884). See *King Bridge Co. v. Otoe County*, 120 U.S. 225, 226, 7 S.Ct. 552, 552, 30 L.Ed. 623 (1887) (facts supporting Article III jurisdiction must "appea[r] affirmatively from the record"). And it is the burden of the "party who seeks the exercise of jurisdiction in his favor," *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936), "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 2215, 45 L.Ed.2d 343 (1975). Thus, petitioners in this case must "allege ... facts essential to show jurisdiction. If [they] fai[l] to make the necessary allegations, [they have] no standing." *McNutt*, supra, 298 U.S., at 189, 56 S.Ct., at 785.

*FW/PBS, Inc.*, 110 S. Ct. 596, 608. With that, Plaintiff's "take my word for it" approach to creating standing is contrary to the Court's obligation to ensure standing exists. In other words, the anonymous and self-serving affidavits Plaintiff submits to establish standing are insufficient. In ironic fashion, the real parties in interest, the secret affiants, are supposedly afraid of being recognized for the very beliefs they wish to publicly demonstrate on and off campus. That suspicious contradiction questions the true purpose of this suit.

7

As to Plaintiff's associational standing:

> [A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343, 97 S. Ct. 2434, 2441, 53 L. Ed. 2d 383 (1977). In short, there is no live and actual dispute, case or controversy; instead, the unnamed parties-of-interest are impermissibly seeking legal advice from the Court. Plaintiff's alleged members have suffered no legal wrong. The anonymous affidavits alone are not enough to establish Plaintiff's right to judicial review. To show standing:

> The injury alleged must be, for example, "'distinct and palpable,'" *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979) (quoting *Warth v. Seldin*, supra, 422 U.S., at 501, 95 S.Ct., at 2206), and not "abstract" or "conjectural" or "hypothetical," *Los Angeles v. Lyons*, 461 U.S. 95, 101–102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974). The injury must be "fairly" traceable to the challenged action, and relief from the injury must be "likely" to follow from a favorable decision. See *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S., at 38, 41, 96 S.Ct., at 1924, 1925.

*Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 3324, 82 L. Ed. 2d 556 (1984), abrogated by *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014). "[A] dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies.'" *Alvarez v. Smith*, 558 U.S. 87, 93, 130 S. Ct. 576, 580–81, 175 L. Ed. 2d 447 (2009). "The plaintiff's injury, moreover, must be 'actual or imminent, not conjectural or hypothetical.'" *Winsness v. Yocom*, 433 F.3d 727,

732 (10th Cir. 2006). "The mere presence on the statute books of an unconstitutional statute, in the absence of enforcement or credible threat of enforcement, does not entitle anyone to sue, even if they allege an inhibiting effect on constitutionally protected conduct prohibited by the statute." *Id*. Plaintiff cannot allege President Shrum was the source of any injury in her individual capacity to any of the three secret affiants.[2]

Further, in order to receive damages, the association members of Plaintiff must participate in the litigation: "If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." *Hunt*, 432 U.S. 333, 343 (quoting *Warth v. Seldin*, 422 U.S. 490, 515, 95 S. Ct. 2197, 2213, 45 L. Ed. 2d 343 (1975)).

### 2. *The Complaint does not comply with Federal Rule of Civil Procedure 8*

Disregarding all legal conclusions, Plaintiff makes a specific allegation against President Shrum once. *Doc. 1*, ¶ 13. The remainder of the allegations, of which there are very few, are against the generalized "Defendants."[3] The Court is therefore unable to discern what conduct is alleged against President Shrum. This is insufficient to meet the pleading requirements of Fed. R. Civ. P. 8(a). See *Bruton v. Oklahoma Dept. of Corr.*, 2019

---

[2] The Tenth Circuit has held that the chilling effect of an unconstitutional policy only gives rise to a controversy "not because the state official is himself a source of injury, but because the official represents the state whose statute is being challenged as the source of injury." *Wilson v. Stocker*, 819 F.2d 943, 947 (10th Cir. 1987). Thus, because Plaintiff has no member which has suffered harm due to President Shrum's conduct, then the suit is only against her office, not her individually.

[3] For example, see ¶¶ 108, 116, 123, 130, 140.

WL 3413853, at *6 (W.D. Okla. July 29, 2019) ("Because Plaintiff has not parsed out her claims sufficiently as to each Defendant, the Court cannot discern which Defendant allegedly made a defamatory statement about Ms. Bruton, nor ascertain which defendant she seeks to hold liable for the alleged defamatory statements. Plaintiff's defamation claim fails to meet the pleading standards set forth in Rule 8 and accordingly, her defamation claim is hereby DISMISSED.").

President Shrum, in order to defend herself, is entitled to notice of the conduct she allegedly committed in her individual capacity that violated Plaintiff's rights. "[I]t is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins*, 519 F.3d 1242, 1250. On this basis alone, the lawsuit must be dismissed.

3.   ***The Complaint does not pass 12(b)(6) muster***

Taking the Complaint on its face, it is clear there are no allegations made against President Shrum in her personal capacity. Because Plaintiff alleges only that President Shrum (1) is in fact the President of OSU, and (2) is charged with enacting and enforcing the polices including those at issue, Plaintiff fails to allege facts sufficient to show that President Shrum should be held individually liable—culpable—for Plaintiff's alleged harm. For the sake of comparison, the Supreme Court has defined official capacity suits as follows:

> In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Dugan v. Rank*, 372 U.S. 609, 611, 620–622, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). This is why, when officials sued in their official capacities leave office, their successors automatically assume their role in the litigation. *Hafer*, 502 U.S., at 25, 112 S.Ct. 358. The real party in interest is the government entity, not the named official. See *Edelman v. Jordan*, 415 U.S. 651, 663–665, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

*Lewis v. Clarke*, 581 U.S. 155, 162, 137 S. Ct. 1285, 1291, 197 L. Ed. 2d 631 (2017). In contrast:

> "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer*, 502 U.S., at 25, 112 S.Ct. 358 (emphasis added); see also id., at 27–31, 112 S.Ct. 358 (discharged employees entitled to bring personal damages action against state auditor general); cf. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). "[O]fficers sued in their personal capacity come to court as individuals," *Hafer*, 502 U.S., at 27, 112 S.Ct. 358 and the real party in interest is the individual, not the sovereign.

*Id.*, 581 U.S. at 162–63. There is not a single allegation that President Shrum did anything in her individual capacity anywhere in the Complaint, and this Court cannot "simply rely on the characterization of the parties in the complaint. . . ." *Id*. The Court must instead evaluate the nature of the claims alleged and the remedy sought. *Lewis*, 581 U.S. at 160; *see also State of Minnesota v. Hitchcock*, 185 U.S. 373, 387 (1902). Taking the nature of the claims and remedy into account, the Complaint only asserts claims against President Shrum in her *official* capacity as it is centrally concerned with university governance and regulation of free speech. *See Lewis*, 581 U.S. at 160. Compounding this, the boilerplate and conclusory averments are not taken as true at the dismissal stage. Therefore, the general allegations that Defendants acted in concert under color of state law without any actual

11

facts to support as much are dispensed with, and all that remains are bones incapable of providing a claim against President Shrum in any capacity, let alone individually.

The claims against President Shrum in her personal capacity are eerily similar to those claims brought years ago in a similar case against former OSU President Burns Hargis. President Hargis was sued in his individual capacity in *Cowboys for Life et al., v. Sampson et al.*, 983 F.Supp.2d 1362 (W.D. Okla. 2013). There, the plaintiffs alleged § 1983 violations of their Free Speech rights against President Hargis in both his individual and official capacities. The Honorable Judge Joe Heaton held that plaintiffs failed to state a claim against President Hargis in his individual capacity.

Plaintiff alleged that President Hargis was "liable due to his 'ultimate [] responsib[ility] for administration and policymaking for OSU.'[…] They allege that he 'not only authorized, approved, or implemented the policies used to deny Cowboys for Life access to highly trafficked areas of campus and to restrict its ability to leaflet peacefully near the Student Union, but he also failed to stop OSU officials from applying those policies to Cowboys for Life.'" *Id*. at 1364 (quoting the complaint filed in *Cowboys for Life*). The *Cowboys for Life* complaint also included an allegation that President Hargis prevented certain conduct of Cowboys for Life on the grass of the Library Lawn at OSU.

The court went on to hold that such allegations did not meet the burden of stating a claim against President Hargis in his individual capacity:

> It is well established that "when a plaintiff sues an official under ... § 1983 for conduct arising from his or her superintendent responsibilities, the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614

12

> F.3d 1185, 1198 (10th Cir.2010); see *Pahls v. Thomas*, 718 F.3d 1210, 1228–31 (10th Cir.2013). *Iqbal* "requires [§ 1983] plaintiffs prove each defendant took some act with the constitutionally applicable state of mind that caused the alleged constitutional violation." *Dodds*, 614 F.3d at 1200. Plaintiffs' allegations fall far short of pleading or stating a factual basis for concluding that President Hargis acted "with the constitutionally requisite state of mind" with respect to any of their claims. *Pahls*, 718 F.3d at 1228. Therefore, plaintiffs' claims against President Hargis in his individual capacity will be dismissed.

*Cowboys for Life v. Sampson*, 983 F. Supp. 2d 1362, 1366 (W.D. Okla. 2013).

Here, the allegations against President Shrum in her individual capacity are far less adequate. There is a single paragraph alleging vague and conclusory allegations against President Shrum, which makes all claims against President Shrum questionable at best: "Defendant Kayse Shrum is President of the University. Shrum is responsible for the enactment and enforcement of University policies, including the policies challenged here. Shrum is sued in her individual and official capacities." *Doc. 1*, at ¶ 13. President Shrum is not mentioned again in the remaining 139 paragraphs.

Pursuant to the logic used by Judge Heaton, there is no allegation including President Shrum's state of mind or conduct. *Cowboys for Life*, 983 F. Supp. at 1366 (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir.2010) and citing *Pahls v. Thomas*, 718 F.3d 1210, 1228–31 (10th Cir.2013)). Thus, the allegations fall short of the requisite pleading standard and must be dismissed. *Id*.

The Tenth Circuit has previously held that the sort of group pleading Plaintiff employs in the Complaint violates the notice requirement under Fed.R.Civ.P. 12(b)(6):

> These allegations are too conclusory, vague and confusing to give each "defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Ms. Burnett's complaint is

13

> not just deficient because it attributes actions to a large group of collective "defendants," which includes fifty unknown Doe defendants in addition to MERS and Mr. Woodall, but also because it is a litany of diverse and vague alleged acts ("emails, faxes, correspondence, and/or meetings, and the like") with zero details or concrete examples. Compare *Reese v. Ellis, Painter, Ratterree & Adams*, LLP, 678 F.3d 1211, 1216–18 (11th Cir.2012) (allegations included specific letter from defendant law firm demanding full and immediate payment of amount claimed due). From such broad allegations against a large and mostly anonymous group of people, this court cannot "draw the reasonable inference that the defendant [Mr. Woodall] is liable for the misconduct alleged," because we cannot tell which defendant is alleged to have done what, nor can we tell what the misconduct was. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1240 (10th Cir. 2013). Therefore, the allegations against a group of "defendants" fails to state a claim against President Shrum, and the Complaint must be dismissed.

4.  *Plaintiff's Conspiracy Claims under § 1983 Fail*

Plaintiff does not make any direct allegations of conspiracy; rather, Plaintiff's improper mass pleading of the "defendants" together leads to unclear interpretations. [*Doc. 1*, ¶¶ 108, 116, 123, 130, 140]. Consequently, President Shrum is left questioning whether Plaintiff's vague allegations are a veiled attempt to assert a conspiracy claim. To state a claim for conspiracy under § 1983, a plaintiff must plead facts showing both (1) the existence of a conspiracy and (2) an actual deprivation of a constitutional right. *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990); see also *Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995). Both elements are required as "pleading and proof of one without the other will be insufficient." *Dixon*, 898 F.2d at 1449.

In pleading the conspiracy element, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). There must be "a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Tonkovich*, 159 F.3d at 533 (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)).

Plaintiff's Complaint is full of conclusory allegations but is devoid of facts sufficient to infer a conspiracy agreement amongst the individual Defendants to deprive Plaintiff of any constitutional right. These conclusory allegations "of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 557. Plaintiff does not allege facts demonstrating Dr. Haney, along with the other individual defendants, had a "meeting of the minds" or engaged in concerted actions to violate any of Plaintiff's constitutional rights.

Therefore, to the extent Plaintiff has alleged a § 1983 conspiracy claim against President Shrum, it must be dismissed.

### III. CONCLUSION

In light of the foregoing, President Shrum respectfully requests the Court, pursuant to Fed. R. Civ. P. 8, 12(b)(1) and (6), dismiss with prejudice Plaintiff's Complaint in its entirety.

15

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2023, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*/s/ Michael Burrage*