# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SPEECH FIRST, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>KAYSE SHRUM, in her official capacity as President of Oklahoma State University,<br><br>*Defendant.* | Case No. CIV-23-29-J |

## DEFENDANT KAYSE SHRUM'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Respectfully submitted,

s/Steve Stephens
Steve Stephens, OBA #10479
Clinton W. Pratt, OBA #21329
Gaylan Towle II, OBA #32884
Kinsey Wyatt, OBA #32778
Lyman G. Lenker, IV OBA #33219
Board of Regents for the Oklahoma
Agricultural and Mechanical Colleges
5th Floor, Student Union Building
Stillwater, OK 74078
(405) 744-6494 (phone)

**ATTORNEYS FOR DEFENDANT KAYSE SHRUM IN HER OFFICIAL CAPACITY AS PRESIDENT OF OKLAHOMA STATE UNIVERSITY**

I.     **INTRODUCTION**

Defendant's Reply Brief is submitted on behalf of Defendant, Kayse Shrum as President of Oklahoma State University ("Defendant" or "President Shrum"), in support of Defendant's Motion to Strike. In consideration of the Court's treatment of Reply Briefs, Defendant will not reply to *all* elements of Plaintiff's Opposition to Defendant's Motion to Strike ("Opposition") filed by Speech First, Inc. ("Plaintiff" or "Speech First"), and any such lack of rebuttal by Defendant should not be construed as acknowledgment or admission of such argument.

II.    **DEFENDANT SEEKS TO ENSURE PROPER LITIGATION**

Defendant does *not* seek delay, but instead to make certain the litigation process is not misused. Speech First's allegation that Defendant "admits that its strategy is delay" is false. This falsehood is an apparent reference to Defendant's statement that the court must consider Defendant's 12(b)(1) Motion exposing Speech First's lack of standing, and should consider this motion, prior to considering Speech First's Motion for Preliminary Injunction. (Opposition at 1). It would not only be improvident, but error, for the Court to consider Speech First's motion first if, as Defendant contends, this Court lacks subject matter jurisdiction because Speech First lacks standing to bring this lawsuit. Defendant's motions are consistent with the goals of the Federal Rules of Civil Procedure to ensure the *just*, speedy and inexpensive determination of every action. *See* Fed. R. Civ. P. 1.

Further, the record in this case demonstrates Defendant has never sought nor caused delay. In fact, defense counsel accepted service for all fifteen (15) initially named

Defendants, thereby expediting the service of process. (*See* Dkt. No. 4). Then counsel for all parties worked to reach an agreed Stipulation dismissing all unnecessary Defendants. (*See* Dkt. No. 5). Even though Defendant had sixty (60) days to file a responsive motion to the initial Complaint (*see* Dkt No.4), Defendant filed its responsive motion in twenty-one (21) days (*see* Dkt. No. 24), along with a response to Speech First's Motion for Preliminary Injunction without requesting any extension of time. (*See* Dkt. No. 25). Speech First then waited until the last day on which it could respond to Defendant's motion before filing an Amended Complaint. (*See* Dkt. No. 27). The Defendant then filed the instant motion (*see* Dkt. No. 29) and accompanying 12(b)(1) motion (*see* Dkt. No. 30), again without requesting any extension of time. The simple fact is NO delay in this case has been caused by the Defendant.

    Speech First spends a considerable amount of its Opposition complementing its Amended Complaint as being well organized, easy to read, and "good advocacy." However, including citations to conclusions of law to which Speech First admits Defendant is not required to respond, and which Speech First admits are not binding on this Court, is not "good advocacy." Nor is the inclusion of alleged facts involving what may or may not have transpired at *other* universities over which this Defendant has no control. Such supposed "good advocacy" simply does not excuse the intentional and improper inclusion of thirty-seven (37) irrelevant and intentionally prejudicial paragraphs asserted by Speech First in the Amended Complaint.

Speech First also contends Defendant has only cited cases in which affirmative defenses were stricken; however, Motions to Strike have been used in the Federal District Courts within this State to strike language other than affirmative defenses. *See e.g.*, *Brown v. Glanz*, No. 12-CV-587-JED-PJC, 2015 WL 12999708 (N.D. Okla. Sept. 23, 2015) (granting in part a Motion to Strike portions of the Second Amended Complaint as they did not pertain to the claim being brought, but instead a time-barred claim); *Emergency Medical Services Auth. v. Am. Medical Response Ambulance Serv., Inc.*, No. 20-cv-455-GKF-CDL, 2021 WL 1298927 (N.D. Okla. Apr. 7, 2021) (granting in part a Motion to Strike a prayer for attorney's fees and expenses arising in an earlier action). As such, the Court's authority to grant a Motion to Strike is well established. *Scherer v. U.S. Dep't of Educ.*, 78 Fed. App'x 687, 689 (10th Cir. 2003) (holding the decision to grant a motion to strike is within the discretion of the court).

### III. THE COURT SHOULD STRIKE PARAGRAPHS THAT HAVE NO RELATION TO THIS CASE AND WHICH PREJUDICE THE DEFENDANT

Over a quarter (1/4) of Speech First's Amended Complaint is devoted to non-party universities and their policies, summarized case law from across the nation, and an irrelevant narrative about a student resigning from an editorial post. These inclusions have no relation to the Oklahoma State University ("OSU") policies Speech First seeks to challenge in *this* lawsuit. While Speech First may classify its deviations from the Rule 8 pleading standard as "good advocacy," Defendant strongly disagrees. These paragraphs are wholly unrelated to OSU and/or its policies, and Speech First has included them for no other reason than to intentionally prejudice Defendant.

3

Defendant agrees courts should use caution in striking a portion of a pleading. (Motion to Strike at 6). However, as stated in Defendant's Motion to Strike, where a pleading goes so far beyond the Rule 8 pleading requirements in an effort to prejudice the defendant, a Motion to Strike *should* be granted, especially when such a Motion is intended to remove "unnecessary clutter" from litigation. *Sun Life Assurance Co. of Canada v. Great Lakes Bus. Credit LLC*, 968 F. Supp. 2d 898, 902 (N.D. Ill. 2013). Speech First noticeably sidestepped this argument in its Opposition, instead suggesting Defendant challenged "only 37 paragraphs"—despite that number making up over a quarter (1/4) of Speech First's overall brief—and asserting Defendant is "not possibly prejudiced by them." (Opposition at 2).

Speech First acknowledges in its Opposition, and Defendant agrees, many of the challenged paragraphs might be suitable for other filings. However, Defendant's Motion to Strike is not contesting the inclusion of these paragraphs in any filing other than the Amended Complaint. A complaint is different from motion practice, which is intended to showcase advocacy and to allow parties the opportunity to argue their positions persuasively. Instead, a complaint is required to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8(d)(1) further requires each allegation "be simple, concise, and direct." But following that clearly enunciated requirement was not consistent with Speech First's demonstrated desire to obtain media coverage. It is noteworthy that Speech First

does not deny its intention in including material it knew was irrelevant, misleading, and prejudicial was to obtain such coverage.

## IV. RESPONSES TO SPEECH FIRST'S POSITIONS

Speech First seeks to excuse the challenged language by stating the Amended Complaint can be clearly understood. (Opposition at 4, 5). This argument is not applicable to the concerns raised by Defendant. The Motion to Strike does not allege confusion or inability to understand. Instead, it points out the intentionally prejudicial nature of a significant number of paragraphs and their lack of relevance to Speech First's claims in this lawsuit.

Speech First also attempts to justify the inclusion of a short and unrelated narrative about a non-party's resignation from a position of leadership within a student-run organization, alleging it somehow relates to the campus Bias Incident Response Team. (Opposition at 10, 11). However, there is no allegation this alleged incident resulted in a report to the Bias Incident Response Team. Nor is there any allegation any OSU policy played any role in the student's resignation—in fact, Speech First concedes it did not. (Opposition at 11). Defendant does not challenge this paragraph "just because [it] considers it misleading." (Opposition at 11). Defendant challenges this paragraph because it has no relation to the claims at issue and can only be interpreted as intended to prejudice the Defendant. Were that individual one of the parties to the lawsuit, or one of Speech First's alleged anonymous members, then it might somehow relate to the claim. But that is not the case. The inclusion of this narrative, in context with the claims raised, is intended to lead a

reasonable reader to believe the challenged policies somehow led to this student's resignation, which is demonstrably untrue and, more importantly, is not alleged by Speech First.

Regarding the numerous paragraphs containing various conclusions of law, Speech First states they have merely "state[d] the law that governs the case." (Opposition at 7). However, Speech First agrees the Court "needn't accept a Complaint's legal conclusions as true." (Opposition at 7). In fact, the Court must determine the validity of each legal conclusion contained in the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This burden cuts directly against Speech First's alleged interest in preserving judicial resources. Speech First argues these legal citations are included in order to "structure their complaint." (Opposition at 7). This is a thinly veiled defense of the prejudicial intent of these paragraphs.

The same analysis can be applied to Speech First's citations to the cases it has filed against other universities. Conveniently, Speech First has only cited to some of its cases. It did not cite to the cases it lost. Again, Speech First is attempting to taint the litigation from the outset and claims that it included these irrelevant and unrelated paragraphs to provide "structure" to its case. Speech First's use of "structure" should more appropriately be referred to as prejudice.

## V.   CONCLUSION

The primary basis for Defendant's Moton to Strike is to seek redress for Speech First's inclusion of intentionally prejudicial statements in the Amended Complaint. Speech

First's assertion that if Defendant "lacks knowledge" about the challenged paragraphs "it can say so in its answer" is a vast oversimplification of the issues. Those paragraphs should be stricken. Doing so would promote the ultimate efficiency the Federal Rules of Civil Procedure seek to foster. Accordingly, if this case proceeds further after the Court's consideration of Defendant's 12(b)(1) Motion to Dismiss for lack of standing, the thirty-seven (37) challenged paragraphs should be stricken.

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2023, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. The Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

J. Michael Connolly (*pro hac vice*)
Cameron T. Norris
James F. Hasson (*pro hac vice*)
Thomas S. Vaseliou (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423

Ryan Haynie, OBA #32796
1401 N. Lincoln Blvd.
Oklahoma City, OK 73104
(405) 590-6070

**ATTORNEYS FOR PLAINTIFF**

Michael Burrage, OBA #1350
Reggie Whitten, OBA #9576
J. Renley Dennis, OBA #33160
Austin R. Vance, OBA #33294
Whitten Burrage
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73102
(405) 516-7800

**ATTORNEYS FOR DEFENDANT KAYSE SHRUM IN HER INDIVIDUAL CAPACITY**

s/Steve Stephens
Steve Stephens