UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SPEECH FIRST, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-23-29-J |
| KAYSE SHRUM, in her official capacity as President of Oklahoma State University, | ) ) ) ) |
| Defendant. | ) ) |

# ORDER

Plaintiff Speech First, Inc. (Plaintiff) brings this action against Defendant Kayse Shrum (Defendant), in her official capacity as president of Oklahoma State University (the University), alleging that several of the University's speech-related policies run afoul of the Constitution. *See* (Am. Compl.) [Doc. No. 27].[1] This matter is presently before the Court on Plaintiff's motion for a preliminary injunction [Doc. No. 3], Defendant's motion to dismiss Plaintiff's amended complaint on grounds that it lacks standing (Def.'s Mot. to Dismiss) [Doc. No. 29],[2] and Defendant's motion to strike Plaintiff's amended complaint [Doc. No. 30]. The motions are fully briefed.[3]

---

[1] Plaintiff filed its original complaint on January 10, 2023. [Doc. No. 1]. It later stipulated to the dismissal of all claims except those asserted against Defendant in her official capacity, and an amended complaint was filed thereafter.

[2] Defendant previously filed motions to dismiss Plaintiff's original complaint on similar grounds. *See* [Doc. Nos. 21, 24].

[3] All page citations refer to the Court's CM/ECF pagination.

**I.       Background**

Plaintiff is a member organization dedicated to protecting students' free speech rights. It takes issue with three University policies (the Policies) encompassing speech conduct and brings suit on behalf of three of its members—anonymously identified as "Student A," "Student B," and "Student C." In essence, Plaintiff maintains that the Policies impose a chilling effect on the members' First Amendment rights, doing so in a manner that is impermissibly overbroad, vague, and content discriminatory. Plaintiff seeks only prospective relief. Specifically, it seeks (1) declaratory relief as to the constitutionality of the Policies; and (2) preliminary and permanent injunctive relief barring the University's enforcement of the Policies.

Defendant moves to dismiss Plaintiff's amended complaint for lack of standing. Because the motion to dismiss raises the threshold issue of Plaintiff's standing to assert the claims on which it seeks an injunction, the Court first addresses that issue before moving to the motion for a preliminary injunction. *See Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1087 (10th Cir. 2006) ("[W]e cannot reach the merits based on 'hypothetical standing,' any more than we can exercise hypothetical subject matter jurisdiction.").

**II.      Standard**

Those seeking to invoke the jurisdiction of federal courts must satisfy the case or controversy requirement imposed by Article III of the Constitution. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "The case or controversy limitation requires that a plaintiff have standing." *United States v. Colo. Sup. Ct.*, 87 F.3d 1161, 1164 (10th Cir. 1996).

In satisfying Article III's standing requirement, "a plaintiff must demonstrate that (1) he or she has suffered an injury in fact; (2) there is a causal connection between the injury and the

conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision." *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (internal quotation marks omitted).

Where, as here, the plaintiff is an association advancing the interests of its members, the showing is more specific. "An association has standing to bring suit on behalf of its members when [1] its members would otherwise have standing to sue in their own right, [2] the interests at stake are germane to the organization's purpose, and [3] neither the claim requested nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 169 (2000). Thus, an organization must demonstrate, among other things, that at least one of its members has suffered an injury in fact. *Ward*, 321 F.3d at 1266. An injury in fact is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560).

### III. <u>Anonymous Members</u>

The Court must first address Plaintiff's reliance on anonymous members, a defect which Defendant claims defeats Plaintiff's standing. Def.'s Mot. to Dismiss at 9 ("[Plaintiff's] anonymous Student references in the Amended Complaint and Anonymous Declarations cannot support associational standing.").[4] The Court agrees.

In support of the position that associational standing requires that a plaintiff identify—by name—at least one member with standing, Defendant points the Court to *Summers v. Earth Island Institute*, 555 U.S. 488 (2009). There, in challenging several regulatory projects, a group of

---

[4] Courts have routinely addressed the failure to name members in review of associational standing. *See, e.g.*, *Am. Coll. of Emergency Physicians v. Blue Cross & Blue Shield of Ga.*, 833 F. App'x 235, 240 n.8 (11th Cir. 2020); *Religious Sisters of Mercy v. Becerra*, 55 F.4th 583, 602 (8th Cir. 2022); *Tenn. Republican Party v. SEC*, 863 F.3d 507, 520 (6th Cir. 2017).

environmentalist organizations claimed associational standing on behalf of their unidentified members. *Id.* at 490–91. However, despite recognizing the "common ground that . . . organizations can assert standing of their members," *id.* at 494, the Supreme Court denounced the organizations' failure to identify by name, as to particular projects, members with standing. *Id.* at 498–99. The *Summers* Court made clear: "Th[e] requirement of *naming* the affected members has never been dispensed with in light of statistical probabilities, but only where *all* the members of the organization are affected by the challenged activity." *Id.* (first emphasis added); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 235 (1990) (noting that an affidavit provided by the city to establish standing would be insufficient because it did not name the individuals who were harmed by the challenged license-revocation program).

In responding, Plaintiff points this Court to several circuit court decisions favorable to its position that actually naming members is not required by *Summers*. *See* [Doc. No. 32] at 24–25 n.3. These cases question the requirement of naming members for purposes of associational standing, even more so its application at the motion to dismiss stage. But regardless of the persuasive force of opinions from outside this circuit, this Court is in no way bound by their conclusions. *Dennis v. Charnes*, 805 F.2d 339, 340 (10th Cir. 1984). And given the Tenth Circuit's silence on the issue, this Court is inclined to take the *Summers* Court at its word.[5]

Because Plaintiff has failed to name the members on behalf of whom it brings suit, it lacks standing to press the claims asserted here. Thus, the Court lacks jurisdiction to consider them, and Plaintiff's case must be dismissed without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d

---

[5] The Court is also not entirely convinced that a distinction is warranted between naming members at the various stages of litigation, given *Summers*' "requirement of *naming* the affected members," *Summers*, 555 U.S. at 498 (emphasis added), and the fact that "[s]tanding must be analyzed from the facts as they existed at the time the complaint was filed." *Tandy v. City of Wichita*, 380 F.3d 1277, 1284 (10th Cir. 2004).

1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction [are] without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (emphasis omitted)).

### IV.   Conclusion

Accordingly, Defendant's motion to dismiss Plaintiff's amended complaint on standing grounds [Doc. No. 29] is GRANTED.  Defendant's motion to dismiss in her individual capacity [Doc. No. 21], Defendant's motion to dismiss Plaintiff's original complaint on standing grounds [Doc. No. 24], and Defendant's motion to strike Plaintiff's amended complaint [Doc. No. 30] are DENIED as moot.  Plaintiff's motion for a preliminary injunction [Doc. No. 3] is also DENIED as moot.  A separate judgment will issue.

IT IS SO ORDERED this 10th day of April, 2023.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE